**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MICHAEL A. DERUITER, JR.,** Residing at 220 McNair Road, Box 355, Fort Meyer, Virginia, as Administrator of the Goods, Chattels, and Credits of MICHAEL A. DERUITER, SR., Deceased, Late of 150 Main Street, Afton, New York 13730,

                            Plaintiff,

  -vs-                                            05-CV-1054

**DAVID M. VAULES, M.D.,** Residing or Maintaining an Office for the Practice of Medicine in Person at 1 Atwell Road, Cooperstown, New York; **MATTHEW E. MARVEL, M.D.,** Residing or Maintaining an Office for the Practice of Medicine in Person at 1 Atwell Road, Cooperstown, New York; **ROBERT B. JOHNSON, M.D.,** Residing or Maintaining an Office for the Practice of Medicine in Person at 1 Atwell Road, Cooperstown, New York; **MICHAEL J. HODGMAN, M.D.,** Residing or Maintaining an Office for the Practice of Medicine in Person at 1 Atwell Road, Cooperstown, New York; **CHARLES B. HOWARTH, M.D.,** Residing or Maintaining an Office for the Practice of Medicine in Person at 1 Atwell Road, Cooperstown, New York; **ROSEMARY A. THOMAS, M.D., PhD.,** Residing or Maintaining an Office for the Practice of Medicine in Person at 1 Atwell Road, Cooperstown, New York; **DAVID L. SOMMERVILLE, M.D.,** Residing or Maintaining an Office for the Practice of Medicine in Person at 1 Atwell Road, Cooperstown, New York; **JOSEPHINE M. NG, D.O.,** Residing or Maintaining an Office for the Practice of Medicine in Person at 1 Atwell Road,

Cooperstown, New York; **THE MARY
IMMOGENE BASSETT HOSPITAL** d/b/a
**BASSETT HEALTHCARE,** a Corporation
Organized or Existing Under the Laws
of the State of New York Maintaining
its Principal Office and Place of
Business at 1 Atwell Road,
Cooperstown, New York,

                              Defendants.
_____

**Thomas J. McAvoy**, S.U.S.D.J.

## DECISION & ORDER

### I. Introduction & Background

Plaintiff Michael A. DeRuiter, Jr. ("Administrator"), as Administrator of the estate of Michael A. DeRuiter, Sr. ("Decedent"), has sued David M. Vaules, Matthew E. Marvel, Robert B. Johnson, Michael J. Hodgman, Charles B. Howarth, Rosemary A. Thomas, David L. Sommerville, Josephine M. Ng, and the Mary Immogene Bassett Hospital d/b/a Bassett Healthcare ("Defendants") for the wrongful death of Decedent, seeking $100,000. Administrator is a resident of Virginia, while Decedent was a resident of New York. Defendants are all New York residents.

Defendants moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed R. Civ. P. 12(b)(1).

**II. Discussion**

The issue presented by Defendants' motion is whether the residence of the administrator of a decedent's estate is used for diversity purposes, or whether the administrator assumes the residence of the decedent.  Defendants claim that this Court does not have subject matter jurisdiction in this matter.  For a federal court to have subject matter jurisdiction, there must either be a federal question or diversity of citizenship.  Since Administrator is only arguing diversity of citizenship, he must show that the amount in controversy is over $75,000 and the action is between: "1) citizens of different States; 2) citizens of a State and citizens or subjects of a foreign state; 3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and 4) a foreign state . . . as plaintiff and citizens of a State or different States."  28 U.S.C. § 1332(a).

Administrator claims that his residence, not Decedent's, should be examined for diversity purposes.  However, the United States Code states otherwise: "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ."  28 U.S.C. § 1332(c)(2). Therefore, Administrator assumes the residence of Decedent. <u>See</u> <u>Truck-A-Tune, Inc. v. Re</u>, 23 F.3d 60, 62 (2d Cir. 1994) (holding that "representatives of the [estate] are deemed to have the citizenship of the decedent").  Thus, because Defendants and

3

Decedent are all residents of New York, diversity is destroyed.

**III. Conclusion**

Because this Court does not have subject matter jurisdiction in this matter, Defendants' motion is **GRANTED** and the Administrator's complaint is **DISMISSED**.  The Clerk of the Court shall close the file in this matter.

Dated:October 18,2005

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge